■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. PERRY, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 31, 1991, which revoked defendant's probation and imposed a sentence of imprisonment.

On February 8, 1991, Clinton County Court sentenced defendant to six months in jail and five years' probation upon his conviction for driving while intoxicated, as a felony, and criminal possession of stolen property in the third degree. On February 13, 1991, defendant's probation supervision was formally transferred from Clinton County to St. Lawrence County. Clinton County Court used the "DPCA-16" form for its order of intrastate transfer of probation supervision.

On September 7, 1991, defendant was involved in an automobile accident as a result of which he was charged with violating the conditions of his probation. After a hearing, the St. Lawrence County Court found that defendant had violated condition No. 6 of his probation by consuming alcohol and condition No. 14 by operating a motor vehicle. Defendant's sentence of probation was revoked by St. Lawrence County Court and he was resentenced by that court to an indeterminate prison sentence of 2 to 6 years. Defendant has appealed.

Initially, defendant contends that while supervision of his probation was properly transferred to the St. Lawrence County Probation Department, St. Lawrence County Court never acquired jurisdiction in the matter. He bases this con-

tention on the fact that the receiving court's name and address did not appear on the order which transferred his probation supervision. CPL 410.80 (2), however, provides that the court which is served by the probation department to which supervision has been transferred shall assume the powers and duties of the sentencing court unless the sentencing court indicates otherwise. Clinton County Court, the sentencing court in this case, made no indication of a retention of jurisdiction. The errors observed by defendant are at best ministerial in nature and did not affect the jurisdiction of St. Lawrence County Court.

Similarly, we find no merit in defendant's remaining contentions. In view of the circumstances of this case and defendant's history with the criminal justice system, it cannot be said that County Court abused its discretion in sentencing defendant (see, People v Millington, 134 AD2d 645, lv denied 70 NY2d 934) and we see no reason to disturb the sentence imposed. The record reflects no deficiency in the legal representation provided to defendant (see, People v Baldi, 54 NY2d 137) and more than adequately establishes, by competent evidence, the alleged violations (cf., People v Lynch, 31 AD2d 753).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.