■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT G. MITCHELL, Appellant. [878 NYS2d 817]—

Kavanagh, J. Appeal, by permission, from an order of the County Court of Essex County (Meyer, J.), entered June 11, 2008, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree and to set aside the sentence, without a hearing.

On July 15, 2003, defendant was arrested in Essex County and charged with driving while intoxicated. As defendant had a prior conviction for driving while intoxicated that occurred on June 14, 2000, this charge was elevated to a felony. Defendant subsequently pleaded guilty in the County Court of Essex County (Halloran, J.) to felony driving while intoxicated, as well as the misdemeanor of aggravated unlicensed operation of a motor vehicle in the second degree, and was sentenced to five years and three years of probation, respectively. Because defendant resided in Franklin County, the supervision of his probation was transferred from Essex County to Franklin County pursuant to CPL 410.80 (1).

In February 2008, defendant moved before the Essex County Court pursuant to CPL 440.10 and 440.20 to set aside the felony conviction and sentence on the grounds that the June 14, 2000 conviction for driving while intoxicated that served as the predicate offense was not valid and, therefore, he should not have been convicted of a felony.* County Court (Meyer, J.) denied the motion, concluding that the transfer of defendant's probation supervision to Franklin County divested Essex County of any jurisdiction over the matter and that defendant's motion to set aside his conviction, even though obtained in Essex County, should have been made in Franklin County. Defendant now appeals.

CPL 410.80 (2) provides that a sentencing court may transfer the supervision of a defendant's probation to another jurisdiction within the state and that, upon such transfer, "the appropriate court within the jurisdiction of the receiving probation department *shall assume all powers and duties of the sentencing court and shall have sole jurisdiction in the case.*" While it is true, as defendant points out, that the statute in question bears the title "Transfer of supervision of probationers," we do not agree that such a transfer only serves to divest the sentencing court of jurisdiction over issues that arise regarding defendant's compliance with the terms of his probation. The statute is explicit in entrusting "all powers and duties of the sentencing court" upon the court to which the matter has been transferred (CPL 410.80 [2]). As a result, under the express wording of the statute, we are constrained to conclude, despite the logistical problems that may result, once supervision of defendant was transferred to Franklin County, the Essex County Court no longer had jurisdiction to entertain defendant's CPL article 440 motion.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed.

---

* Defendant's motion was supplemented in April 2008 to set aside the misdemeanor and sentence imposed thereon.