■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. FRANCO, Appellant. [891 NYS2d 724]—

Stein, J.

Defendant was convicted in 2001 of sexual abuse in the first degree and sodomy in the second degree and was sentenced in Schenectady County to a 10-year term of probation. On June 27, 2008, defendant's probation supervision was formally transferred to the Schoharie County Probation Department. The Probation Department then requested a modification of defendant's conditions of probation to include, among other things, the requirements that defendant refrain from entering any establishment at which the primary purpose is the serving of alcoholic beverages, that he refrain from the use, possession or purchase of alcoholic beverages and that he comply with the Probation Department's computer restriction and Internet monitoring program. Following hearings, County Court in Schoharie County modified defendant's conditions of probation to include the conditions requested by the Probation Department. Defendant now appeals.

We affirm. Initially, we find that defendant's contention that County Court failed to establish jurisdiction over him is without merit. Clearly, supervision of defendant's probation was properly transferred to the Schoharie County Probation Department pursuant to CPL 410.80 (1). Thus, County Court assumed all powers and duties of the sentencing court and had sole jurisdiction in the case (see CPL 410.80 [2]). Defendant's claims regarding County Court's failure to notify defendant of the transfer during the modification hearings and that there was some confusion as to the date of the transfer are, at most, claims of ministerial errors which do not affect the court's jurisdiction (see generally People v Perry, 188 AD2d 909, 910 [1992], lv denied 81 NY2d 890 [1993]).

We also reject defendant's contention that County Court abused its discretion in modifying his conditions of probation. A court "may modify or enlarge the conditions of a sentence of probation . . . at any time prior to the expiration or termination of the period of the sentence" (CPL 410.20 [1]). A finding of a violation of a previously imposed condition is not necessary to warrant enlargement of the conditions of probation imposed at sentencing (see Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 410.20, at 104). In determining conditions of probation, a court has discretion to impose conditions it deems "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]). In this case, there is evidence in the

record that defendant consumed alcoholic beverages prior to committing the crimes and showed the victim pornographic images on his computer. Thus, the additional conditions imposed "were . . . tailored in relation to the offense[s], and were reasonably related to defendant's rehabilitation" (*People v Hale*, 93 NY2d 454, 462 [1999]; *see People v Wagner*, 9 Misc 3d 131[A], 2005 NY Slip Op 51597[U], *1 [2005]). Accordingly, we cannot conclude that County Court abused its discretion in modifying defendant's conditions of probation.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed.