[931 NE2d 69, 905 NYS2d 100]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESIRIE WILSON, Appellant.

Decided June 3, 2010

### APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Adrienne Gantt* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Kayonia L. Whetstone* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After a nonjury trial, defendant was convicted of attempted aggravated harassment in the second degree, a misdemeanor. She appealed her conviction, which was affirmed by the Appellate Division in a divided decision.* One of the Appellate Division dissenters granted defendant leave to appeal.

In this Court, contending that her misdemeanor case was tried in Supreme Court, defendant argues for the first time that the trial court lacked the subject matter jurisdiction to adjudicate the matter because it was prosecuted on a misdemeanor information and not an indictment or superior court information (SCI) issued upon waiver of indictment. The People dispute defendant's claim, asserting that the case was resolved in New York City Criminal Court, Bronx County, and was presided over by a New York City Criminal Court Judge who

---

* Defendant does not argue that reversal is warranted because her appeal was heard by the Appellate Division rather than the Appellate Term.

was also an Acting Supreme Court Justice. In addition, the People maintain that Supreme Court possesses the subject matter jurisdiction to try misdemeanors, regardless of whether they are charged in a misdemeanor information, an indictment or an SCI.

Defendant's claim that the trial court lacked subject matter jurisdiction to issue a judgment of conviction may be considered on appeal, despite her failure to timely raise the issue, because it falls within an exception to the preservation rule (*see People v Casey*, 95 NY2d 354, 365 [2000]; *see e.g. People v Nicometi*, 12 NY2d 428 [1963]). Even assuming that defendant's case was tried in Supreme Court, she is not entitled to reversal of her conviction on jurisdictional grounds because Supreme Court possesses concurrent subject matter jurisdiction over the trial of unindicted misdemeanor offenses (*see People v Correa*, 15 NY3d 213 [2010] [decided herewith]). Anticipating this holding, defendant argues in the alternative that, even if Supreme Court may resolve misdemeanor charges, the transfer of her case from New York City Criminal Court to Supreme Court was impermissible since court rules creating the Criminal Division of the Supreme Court in Bronx County and directing the reassignment of certain misdemeanor cases to that court for trial were not in effect on the date of her conviction (*see id.*; 22 NYCRR parts 42, 142). Given that Supreme Court had the power to hear the case, the transfer error defendant alleges is the equivalent of an improper venue claim, which is not jurisdictional in nature and is waived if not timely raised (*see People v Carvajal*, 6 NY3d 305, 312 [2005] ["venue issues—which relate only to the proper place of trial, rather than to the power of the court to hear and determine the case—are waivable"] [emphasis and citation omitted]). Because defendant did not object in the trial court to the (purported) transfer of her case to Supreme Court, we may not consider this alternative claim.

Finally, we have reviewed defendant's challenge to the jurisdictional sufficiency of the accusatory instrument and find it to be lacking in merit.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed in a memorandum.