[931 NE2d 84, 905 NYS2d 115]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT G. MITCHELL, Appellant.

Argued May 6, 2010; decided June 15, 2010

### POINTS OF COUNSEL

*Brandon E. Boutelle, Deputy Public Defender,* Elizabethtown, for appellant. I. Essex County Court, the court where appellant was originally tried and convicted, is the only court with jurisdiction to hear and decide appellant's CPL article 440 motion. (*People v Wurzler,* 300 NY 344; *People v McCullough,* 300 NY 107; *People v Gersewitz,* 294 NY 163; *Matter of Morhous v Supreme Ct. of State of N.Y.,* 293 NY 131; *Matter of Pirro v Cirigliano,* 226 AD2d 465, 88 NY2d 1033; *People v Bachert,* 69 NY2d 593; *People v Vischi,* 2 AD2d 636; *People v Klein,* 96 Misc 2d 564; *People v Becvar,* 50 Misc 2d 249; *People v Resto,* 6 Misc 3d 1040[A], 2005 NY Slip Op 50358[U].) II. The Legislature did not intend for the intrastate transfer of probation supervision, pursuant to CPL 410.80 (2), to divest the original trial court of jurisdiction to hear CPL article 440 motions. (*Matter of Stitham v City of New York, Dept. of Probation,* 127 Misc 2d 906.)

*Kristy L. Sprague, District Attorney,* Elizabethtown (*Brian Felton* and *Michael P. Langey* of counsel), for respondent. The County Court correctly determined that it was without jurisdiction to grant the relief requested. (*Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.,* 80 NY2d 531; *People ex rel. Lefever v Supervisors of Ulster County,* 34 NY 268; *People ex rel. McEvoy v Duffey,* 104 Misc 35, 185 App Div 917; *Pultz v Economakis,* 10 NY3d 542; *State of New York v Patricia II.,* 6 NY3d 160; *Delaware County Elec. Coop. v Power Auth. of State of N.Y.,* 96 AD2d 154, 62 NY2d 877; *People v Newman,* 32 NY2d 379, 414 US 1163; *People v Wurzler,* 300 NY 344.)

### OPINION OF THE COURT

READ, J.

On July 15, 2003, defendant Scott G. Mitchell was arrested in Essex County and charged with driving while intoxicated (*see*

Vehicle and Traffic Law § 1192 [2], [3]), which was elevated to a felony on account of his misdemeanor conviction of this same crime in June 2000 (*see* Vehicle and Traffic Law § 1193 [1] [c]); aggravated unlicensed operation of a motor vehicle in the first degree, also a felony (*see* Vehicle and Traffic Law § 511 [3]); and speeding. On November 25, 2003, he pleaded guilty in the County Court of Essex County (Essex County Court) to felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree, a misdemeanor (*see* Vehicle and Traffic Law § 511 [2]).

Defendant was sentenced to 15 weekends in jail, as well as five and three years of probation on the driving while intoxicated and aggravated unlicensed operation charges, respectively, to run concurrently. Essex County Court transferred supervision of defendant's probation to Franklin County, where he resided, as required by Criminal Procedure Law § 410.80 (1). This statute directs that "[w]here a probationer *at the time of sentencing* resides in another jurisdiction within the state, the sentencing court *shall transfer* supervision to the appropriate probation department in such other jurisdiction" (emphasis added).[1]

In February 2008, defendant brought a motion pursuant to Criminal Procedure Law §§ 440.10 and 440.20 in Essex County Court, seeking to set aside his 2003 felony conviction and sentence for driving while intoxicated.[2] He asserted two grounds: that there was no information in various governmental databases containing his criminal and driving history of any conviction in June 2000 for driving while intoxicated, the predicate for his felony conviction of the same crime on November 25, 2003; and ineffective assistance of counsel. On June 11, 2008, Essex County Court denied defendant's motion, without prejudice.

The judge reasoned that he did not have jurisdiction over defendant's Criminal Procedure Law article 440 motion in light of Criminal Procedure Law § 410.80 (2), which provides as follows:

"Transfer of powers. Upon completion of transfer as authorized pursuant to [Criminal Procedure Law § 410.80 (1)], the probation department in the

---

**1.** Transfer of probation is discretionary where the probationer, *after* the probation sentence has been pronounced, desires to reside in a jurisdiction in the state not served by the sentencing court (*see* CPL 410.80 [1]).

**2.** In April 2008, defendant filed a supplemental motion that sought to vacate his conviction and sentence for aggravated unlicensed operation, too.

receiving jurisdiction shall assume all powers and duties of the probation department in the jurisdiction of the sentencing court. Upon completion of transfer, *the appropriate court within the jurisdiction of the receiving probation department shall assume all powers and duties of the sentencing court and shall have sole jurisdiction in the case* including jurisdiction over matters specified in article twenty-three of the correction law.[3] Further, the sentencing court shall immediately forward its entire case record to the receiving court" (emphasis added).

Thus, Essex County Court concluded, only the County Court of Franklin County (Franklin County Court) could exercise jurisdiction over defendant's Criminal Procedure Law article 440 motion because Franklin County Court was, in the words of section 410.80 (2), "the appropriate court within the jurisdiction of the receiving probation department," which "assume[s] all powers and duties of the sentencing court" and possesses "sole jurisdiction in the case."

In May 2009, the Appellate Division affirmed Essex County Court's decision and order. The court held that Criminal Procedure Law § 410.80 (2) was "explicit in entrusting 'all powers and duties of the sentencing court' upon the court to which the matter has been transferred" (62 AD3d 1045, 1046 [3d Dept 2009]). While acknowledging that "logistical problems . . . [might] result" from its decision, the Appellate Division nonetheless determined that "once supervision of defendant was transferred to Franklin County, the Essex County Court no longer had jurisdiction to entertain defendant's CPL article 440 motion" (*id.*). A Judge of this Court granted leave to appeal, and we now reverse.

This case boils down to whether section 410.80 (2) encompasses "all powers and duties" that might be exercised by a sentencing court under article 410 of the Criminal Procedure Law, which governs probation, conditional discharge and parole supervision, or "all powers and duties" possessed by a sentencing court more generally, including powers and duties under Criminal Procedure Law article 440, which covers postjudgment motions. The answer is not clear from the statute's text.

Section 410.80 (2) is embedded in article 410, and the Legislature did not, for example, choose to transfer "all powers

---

**3.** Article 23 governs discretionary relief from forfeitures and disabilities automatically imposed by law, such as a certificate of relief from disabilities, which may be issued by a court.

and duties" of the sentencing court to the receiving court "notwithstanding any provision of law to the contrary," the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute, wherever found in the State's laws. And here, section 410.80 (2)—when read to vest jurisdiction for Criminal Procedure Law article 440 motions in the receiving court—seemingly clashes with Criminal Procedure Law §§ 440.10 and 440.20. These provisions direct the court in which judgment was entered—i.e., the sentencing court—to entertain a defendant's postjudgment motion to vacate a judgment (section 440.10) or sentence (section 440.20).

Of course, the Legislature when writing section 410.80 (2) also might have specified that this provision transferred to the receiving court "all powers and duties" of the sentencing court "under this article." And while the Legislature vested "sole jurisdiction in the case" in the receiving court "*including* jurisdiction over matters specified in article twenty-three of the correction law" (emphasis added), it made no comparable reference in section 410.80 (2) to article 440 of the Criminal Procedure Law. Because different interpretations of the scope of the transfer effected by section 410.80 (2) are plausible, we now turn to its legislative history (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583-584 [1998]).

The Legislature amended subdivisions (1) and (2) of section 410.80 in 2007, in a bill introduced at the behest of the Division of Probation and Correctional Alternatives, to "address[ ] problems associated with the intrastate transfer of probationers" (Introducer's Mem in Support, Bill Jacket, L 2007, ch 191, at 5, 2007 NY Legis Ann, at 125). With reference to the courts, the introducer's memorandum described in detail the problems that the Legislature sought to cure:

> "Under current law, a sentencing court may make a complete transfer of jurisdiction over a probationer, or it may retain its powers and duties with respect to a probationer whose supervision is being transferred to another jurisdiction. The sentencing court may retain the powers enumerated in Criminal Procedure Law §§ 410.20 (Modification or Enlargement of Conditions), 410.30 (Declaration of Delinquency), 410.40 (Notice to Appear, Warrant), 410.50(3) (Search Order), and 410.60 (Appearance Before

Court), even when all supervision is performed by the probation department in the receiving jurisdiction. Even in cases where the sending court has retained jurisdiction, it is the responsibility of the probation department in the receiving jurisdiction to initiate violation proceedings with the receiving court if there is reasonable cause to believe that a probationer has violated a condition of his or her sentence. In such instances, the receiving court may transfer the case back to the sentencing court or it may conduct a violation of probation hearing and continue or modify the sentence if appropriate. However, if the sending court has retained its powers and duties over the case, the court in the receiving jurisdiction may not revoke the sentence of probation. Instead, if the court in the receiving jurisdiction sustains the violation and chooses not to continue or modify the sentence, the receiving court must return the probationer to the sending jurisdiction for further legal action" (Introducer's Mem in Support, Bill Jacket, L 2007, ch 191, at 5-6, 2007 NY Legis Ann, at 125-126).

This potential for divided judicial authority over probation matters created "considerable confusion in [the] handling and reporting of cases and duplication of efforts between the sending and receiving jurisdictions" (Introducer's Mem in Support, Bill Jacket, L 2007, ch 191, at 6, 2007 NY Legis Ann, at 126; *see also* Mem to David Nocenti, Counsel to Governor, from Linda J. Valenti, Counsel, Div of Probation and Correctional Alternatives, Bill Jacket, L 2007, ch 191, at 11 ["Current law has . . . led to considerable confusion among practitioners and members of the judiciary in terms of powers retained and limited"]). The transfer of "all powers and duties of the sentencing court" to the receiving court was designed to reduce this uncertainty and enable probation officers to supervise probationers more efficiently: "[t]his legislation will ensure that the courts in the sending jurisdiction are not handling probation cases that are being supervised in another county, and that the courts in the receiving jurisdiction are not constrained in their ability to administer such cases properly and efficiently" (Introducer's Mem in Support, Bill Jacket, L 2007, ch 191, at 6, 2007 NY Legis Ann, at 126).

In sum, the amendments to section 410.80 (2) were meant to transfer from sentencing courts to receiving courts the full

range of powers and duties necessary for the judiciary to carry out its responsibilities to enforce the terms and conditions of probationers, and to deal with relief from forfeitures and disabilities. There is no suggestion in the statute's text or legislative history that the Legislature intended, in addition, to divest sentencing courts of their jurisdiction under article 440 of the Criminal Procedure Law.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to County Court for further proceedings on defendant's Criminal Procedure Law article 440 motion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order reversed, etc.