OPINION OF THE COURT
Lahtinen, J.
In May 2011, defendant was sentenced by the Town Court of the Town of Colonie, Albany County to three years of probation upon his conviction of the misdemeanor of aggravated driving while intoxicated. Defendant resided in the Town of Easton, Washington County and, thus, Town Court directed that supervision of his probation be transferred to the Washington County Probation Department. The order of intrastate transfer of probation supervision listed the receiving court as the Easton Town Court. Alleging numerous violations of the conditions of his probation, including several times in which defendant admitted to drinking and then attempting to drive, the Probation Department filed a violation petition in January 2012 in County Court, Washington County. Defendant did not object to the matter being heard by County Court. Following a hearing, County Court found that defendant had violated conditions of his probation. His probation was revoked and he was sentenced to eight months of incarceration. Defendant appeals.
Defendant contends that County Court should not have considered the parole violation petition because the transfer order named the Easton Town Court as the receiving court. Although this issue was not raised until appeal, it may be considered since it implicates County Court’s subject matter jurisdiction (see People v Wilson, 14 NY3d 895, 897 [2010]). The intrastate transfer of supervision of probationers is governed by *221 CPL 410.80. The statute was amended in 2007[1] to correct and clarify several problems that had arisen regarding such transfers (see Senate Mem in Support, 2007 McKinney’s Session Laws of NY at 1709-1710). A primary problem addressed in the legislation was the divided jurisdiction between a sentencing/sending court and a receiving court (see Senate Mem in Support, 2007 McKinney’s Session Laws of NY at 1709-1710; People v Mitchell, 15 NY3d 93, 97-98 [2010]). One of the other intended goals of the legislation was to “give[ ] more flexibility as to which court handles misdemeanor transfer cases” (Senate Mem in Support, 2007 McKinney’s Session Laws of NY at 1709). Probation departments in some counties sought such flexibility so that it was clear that misdemeanor transfer probationers could be handled in a designated court (see Senate Mem in Support, 2007 McKinney’s Session Laws of NY at 1710). It had been the policy in some counties to have County Court handle all transfers because “with a full-time Judge, support personnel and other resources, [County Court] is better equipped to handle transfers . . . than part-time town, city or village Judges” (People v Mitchell, 137 Misc 2d 450, 452 [1987]).
Under the statute, where a transfer is required because the probationer resides in another jurisdiction within the state, the sentencing court transfers supervision to “the appropriate probation department in such other jurisdiction” (CPL 410.80 [1]). The probation department in the receiving jurisdiction then assumes all powers and duties of the sending department and, likewise, “the appropriate court” within the receiving jurisdiction assumes the powers and duties of the sentencing court (CPL 410.80 [2]). Further, in order to ensure that the prior problem of divided judicial authority between the sentencing/ sending court and receiving court is extinguished, the statute provides that the receiving court “shall have sole jurisdiction” (CPL 410.80 [2]).[2] An appropriate court to receive a misdemeanor probationer is a “criminal court” (CPL 410.80 [2]), which includes a superior court such as County Court, as well as various other courts (see CPL 1.20 [19]; 10.10). In order to avoid confusion, the sending probation department is supposed to consult with the receiving probation department regarding *222 which court is “the appropriate criminal court” in the receiving jurisdiction (CPL 410.80 [2]). Upon making the transfer, the sentencing court forwards its file to the appropriate court in the receiving jurisdiction (see CPL 410.80 [2]).
The statutory language, as well as the legislative history of the 2007 amendments, made clear that County Court has the power to exercise jurisdiction over misdemeanor as well as felony probationers, and it is appropriate for a single superior court in a county to handle all transfer probationers. The supervision of defendant’s probation was properly transferred to the Washington County Probation Department and it is uncontested that, in Washington County, County Court was the designated appropriate court to handle all transfer probationers. It is also apparent that County Court had before it information that would have been in the case record from the sentencing/sending court. Under the circumstances, County Court had the power to hear the matter, and the error in the transfer order was similar to a venue or ministerial error that did not deprive County Court of subject matter jurisdiction (cf. People v Wilson, 14 NY3d at 897; People v Woodrow, 91 AD3d 1188, 1189 [2012], lv denied 18 NY3d 999 [2012]; People v Perry, 188 AD2d 909, 910 [1992], lv denied 81 NY2d 890 [1993]). That error was not raised at the hearing and, accordingly, it was waived (see e.g. People v Wilson, 14 NY3d at 897).
Review of the record reveals that defendant received meaningful representation and thus his ineffective assistance of counsel argument is unavailing (see People v Feliciano, 17 NY3d 14, 20-21 [2011]; People v Trathen, 2 AD3d 1065, 1065 [2003], lv denied 1 NY3d 635 [2004]). Counsel was presented with a difficult case where defendant had signed two separate voluntary statements admitting multiple violations and, given the circumstances, counsel pursued a legitimate strategy directed primarily at minimizing the sentence. The remaining arguments have been considered and are unpersuasive.
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur.
Ordered that the judgment is affirmed.

. A further amendment in 2012 (see L 2012, ch 347, § 1) regarding interim probationers is not relevant to this appeal and all citations herein are to the statute as it appeared before the effective date of the 2012 amendment.

. We have held that the 2007 amendments addressing the divided judicial authority issue do not apply retroactively (see People v Lawrence, 80 AD3d 1011, 1012 [2011]).