■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON R. DICK, Appellant. [965 NYS2d 666]—

Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered August 16, 2011, which resentenced defendant following his conviction of the crime of grand larceny in the fourth degree.

Defendant was sentenced by the County Court of Columbia County to intermittent jail time in the Columbia County jail and five years of probation following his conviction of grand larceny in the fourth degree, a felony. County Court signed an order the same day transferring supervision of defendant's probation to the Probation Department of Greene County, where he stated he resided (*see* CPL 410.80 [1]). Subsequently, County Court issued a warrant for defendant's arrest after he failed to report as scheduled to the Columbia County jail to serve a part of his intermittent sentence. Thereafter, County Court revoked defendant's intermittent sentence (*see* Penal Law § 85.05 [1] [b]), after giving him an opportunity to be heard, and resentenced him to four months in the Columbia County jail, and continued the five years of probation. Defendant appeals,

contending that County Court lacked jurisdiction once the probation matter was transferred by order to Greene County. We disagree and affirm.

A sentence of intermittent imprisonment "is a revocable sentence" (Penal Law § 85.00 [1]; *see* Penal Law § 60.01 [2] [a] [ii]; [b]). Given the finding by County Court that defendant violated the intermittent sentence imposed by that court when he failed to appear at the "institution to which he [was] committed at such times as [were] specified by the court in the sentence" (Penal Law § 85.00 [1]), that sentencing court was authorized to modify or revoke its sentence of intermittent imprisonment (*see* Penal Law § 85.05 [1] [b]). Defendant's reliance on CPL 410.80—which provides for transfer of *probation* supervision by the sentencing court to the Probation Department in the jurisdiction (county) where the defendant resides at sentencing—is misplaced (*see People v Mitchell*, 15 NY3d 93, 98-99 [2010]; *People v Roberts-Alexandrov*, 102 AD3d 219, 221-222 [2012]). Defendant was not charged with violating *probation* but, rather, was alleged to have violated his intermittent *sentence of imprisonment*. The transfer in CPL 410.80 (2) of "all powers and duties" of the sentencing court over supervision of probationers to the receiving court does not, as defendant argues, divest the sentencing court of its express jurisdiction to modify or revoke a sentence of intermittent imprisonment pursuant to Penal Law § 85.05 (1) (b) (*see People v Mitchell*, 15 NY3d at 98-99). Accordingly, the judgment will not be disturbed.

Peters, P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.