### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: March 19, 2015          105705
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

       v                            MEMORANDUM AND ORDER

RORY R. WILLIAMS,
                Appellant.
_____

Calendar Date: January 20, 2015

Before: Garry, J.P., Rose, Lynch and Clark, JJ.

_____

Richard E. Cantwell, Plattsburgh, for appellant.

Glenn MacNeill, Acting District Attorney, Malone, for respondent.

_____

Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 8, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of an amended indictment charging him and his wife with various crimes. Under the terms of the plea agreement that was approved by County Court, he was to be sentenced as a second felony offender to the minimum of six years in prison. County Court further advised defendant that his sentence would include a period of postrelease supervision, but did not specify the length. Thereafter, County Court sentenced defendant to the agreed-upon prison term and imposed a three-year period of postrelease supervision. Defendant appeals.

Defendant's sole challenge is to County Court's imposition of a three-year period of postrelease supervision, which he contends is an abuse of discretion and is also harsh and excessive. We disagree. Given that no particular period of postrelease supervision was included in the plea agreement, County Court retained the discretion to determine the length of the term and did not violate the sentencing commitment by selecting the maximum of three years. Notably, the record reveals that defendant has a lengthy criminal record, is a prior parole violator and could have been sentenced to a much lengthier prison term if convicted of the charges contained in the amended indictment. In view of this, and given that defendant was sentenced to the minimum term of imprisonment, we find no extraordinary circumstances nor any abuse of discretion warranting modification of the period of postrelease supervision (see People v Foulkes, 117 AD3d 1176, 1177-1178 [2014], lv denied 24 NY3d 1084 [2014]; People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]).

Garry, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court