*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    106855
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                         MEMORANDUM AND ORDER

TRACY SETTERLUND,
                        Appellant.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered June 4, 2014, which revoked defendant's
probation and imposed a sentence of imprisonment.

        In 2011, pursuant to a negotiated plea agreement, defendant
waived indictment and pleaded guilty as charged in a superior
court information to driving while ability impaired by drugs as a
felony, and admitted that he had previously been convicted of
driving while intoxicated.  He waived his right to appeal and was
sentenced to a five-year period of probation, his license was
revoked and fines and fees were imposed.  In 2014, defendant was
charged with violating the conditions of his probation based
upon, among other violations, his conviction for menacing in the
second degree and his commission of the crime of contempt in the

first degree for violating an order of protection.  Defendant admitted violating probation, pursuant to a plea agreement. Consistent therewith, County Court revoked defendant's probationary sentence and imposed a prison term of 1 to 3 years, to be served under parole supervision at Willard State Prison Program, with a consecutive three-year conditional discharge that required him to install an interlock ignition device.  The sentence was amended by order entered July 14, 2014 to the extent that the conditional discharge was revoked.  Defendant now appeals.

Initially, we note that while defendant failed to file a notice of appeal from the resentencing, we will exercise our discretion to treat as valid the notice of appeal, which was prematurely filed on June 11, 2014 (see CPL 460.10 [6]; People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]).  However, defendant raises no arguments in his appellate brief addressed to his violation of probation or to the resentencing thereon and, thus, we deem that aspect of the appeal to be abandoned (see People v Benson, 119 AD3d 1145, 1146 n 3 [2014], lv denied 24 NY3d 1118 [2015]).  All of defendant's arguments on this appeal are directed at his 2011 guilty plea and sentencing, but he did not file a timely appeal from that judgment, and his notice of appeal here, filed June 11, 2014, was untimely as to that 2011 judgment (see CPL 460.10 [1] [a]; People v Rutnik, 198 AD2d 617, 617-618 [1993]).  Further, defendant did not file a motion for an extension of time to file an appeal and no basis appears for such an extension (see CPL 460.30 [1]; People v Jean-Louis, 74 AD3d 1481, 1482 [2010], lv denied 15 NY3d 953 [2010]).

Garry, Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court