*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    106995
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

STEVEN T. JOHNSTON,
                        Appellant.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        Rebecca L. Fox, Plattsburgh, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered March 18, 2014, which resentenced defendant following his conviction of the crime of assault in the second degree.

        In satisfaction of a three-count indictment, defendant pleaded guilty to assault in the second degree and was sentenced, in 2009, to five years of probation with the first 180 days to be served in jail.  In 2013, a petition was filed charging defendant with violating several conditions of his probation.  Pursuant to a negotiated agreement, defendant waived a hearing and admitted that he had violated a condition of probation by failing to obtain a required substance abuse evaluation.  Consistent with that agreement, County Court vacated defendant's probation and

resentenced him to a period of intermittent imprisonment of 10 months of weekends in jail. Defendant was subsequently arrested on a warrant that was issued after he failed to report to jail to serve his intermittent sentence on two weekends in February 2014. After a two-day inquiry, at which defendant was afforded an opportunity to be heard and to submit documentary evidence, the court held that defendant had failed to report to jail on both weekends and had not furnished a reasonable explanation for such failure (see Penal Law § 85.05 [1] [b]). The court resentenced defendant to a prison term of three years to be followed by three years of postrelease supervision. Defendant now appeals.

Initially, defendant primarily directs his arguments on appeal to his 2013 guilty plea to the violation of probation and the resentence imposed thereon. However, defendant did not file a timely appeal from that judgment, and his notice of appeal filed here on April 17, 2014 is untimely as to that 2013 judgment (see CPL 460.10 [1] [a]; People v Setterlund, 137 AD3d 1420, 1421 [2016]). Accordingly, defendant's claims directed at his 2013 plea to the probation violation and the resentence are not properly before this Court.

Next, defendant argues that the sentence imposed by County Court upon its determination that he had violated the intermittent sentence was harsh and excessive. An intermittent sentence is "revocable" upon a finding that a defendant violated its terms (Penal Law § 85.00 [1]; see Penal Law § 85.05 [1] [b]; People v Dick, 106 AD3d 1332, 1333 [2013]). Here, after County Court imposed a sentence of probation in 2009 upon defendant's guilty plea to assault in the second degree, a violent class D felony (see Penal Law §§ 70.02 [1] [c]; 120.05 [1]), he admittedly violated his probation in 2013 and thereafter also violated his intermittent sentence in 2014 by failing to report on two consecutive weekends to serve his time in jail. County Court considered the relevant sentencing factors, including defendant's proffered reasons for failing to report to jail. Under these circumstances, we are not persuaded that the three-year prison sentence, which was less than the maximum potential prison sentence of 2 to 7 years (see Penal Law §§ 60.05 [5]; 70.02 [3] [c]), was harsh or excessive. Further, the three-year term of postrelease supervision was authorized and, contrary to

defendant's claim, properly pronounced by the court at the resentencing (see Penal Law §§ 70.00 [6]; 70.45 [2] [e]).  In view of defendant's history of noncompliance and the fact that he could have been sentenced to a much longer prison term, we discern no basis upon which to modify that term of postrelease supervision (see People v Williams, 126 AD3d 1181, 1182 [2015], lv denied 25 NY3d 1209 [2015]).

Finally, defendant's claim that County Court erred in imposing sentence without requesting an updated sentencing report is unpreserved, given his failure to request an updated report or to object at sentencing (see People v Miller, 90 AD3d 1416, 1417 [2011], lv denied 18 NY3d 960 [2012]).  In any event, the record establishes that defendant was given ample opportunity to address the relevant sentencing factors and that the court was sufficiently aware of his "intervening history" (People v Ruff, 50 AD3d 1167, 1168 [2008]).

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court