People v Wood (2018 NY Slip Op 03773)





People v Wood


2018 NY Slip Op 03773


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

107795

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONALD WOOD, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Donna Maria Lasher, Youngsville, for appellant.
D. Holley Carnright, District Attorney, Kingston (Carly Wolfrom of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 3, 2015, (1) convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.
In October 2014, defendant waived indictment, agreed to be prosecuted by a superior court information charging him with criminal contempt in the first degree, waived his right to appeal and pleaded guilty to that charge, admitting that he punched the victim in the face in violation of an order of protection. In exchange, County Court imposed a split sentence of six months in jail and five years of probation and issued a no-contact order of protection in favor of the victim. Two months later, defendant
was charged by indictment with aggravated criminal contempt (two counts) and sexual abuse in the third degree (two counts) related to the same victim. As a result, defendant was also charged with violating the conditions of his probation. Under the terms of a plea agreement resolving all charges in the indictment and the probation violation petition, defendant pleaded guilty to aggravated criminal contempt under count one of the indictment, waived his right to appeal and admitted that he violated certain enumerated conditions of his probation. At sentencing, County Court determined that defendant had violated the conditions of the plea agreement by failing to truthfully answer questions during his probation interview, which defendant conceded, thereby waiving a hearing on the matter. The court thereafter sentenced defendant on the violation of [*2]probation to an enhanced sentence of 1&frac13; to 4 years in prison,[FN1] to be served consecutively to the agreed-upon sentence of 3½ to 7 years on the indictment, as an admitted second felony offender. A no-contact order of protection was issued in favor of the victim. Defendant appeals.[FN2]
Contrary to defendant's contentions, the record reflects that his combined oral and written waiver of appeal entered in connection with his guilty plea to the indictment and admission to the violation of probation is valid. County Court distinguished the waiver of appeal from the trial-related rights automatically extinguished by the guilty plea, ensured that defendant understood the right to appeal, and ascertained that he had discussed the appeal waiver with counsel and understood it prior to signing a written waiver. Under these circumstances, we find that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Smith, 157 AD3d 1059, 1059-1060 [2018], lv denied 31 NY3d 987 [2018]). Given the valid appeal waiver, defendant's challenge to the sufficiency of the plea allocution related to the indictment is foreclosed (see People v Welden, 156 AD3d 1241, 1241 [2017]; People v Love, 137 AD3d 1486, 1487 [2016]).
Defendant's general contention that his guilty plea was not knowing, voluntary and intelligent survives his valid appeal waiver, but was not preserved by an appropriate postallocution motion (see CPL 220.60 [3]; People v Sumter, 157 AD3d 1125, 1126 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable, as defendant did not make any statements that were inconsistent with his guilt or cast doubt on the voluntariness of his plea (see People v Williams, 27 NY3d 212, 220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The plea agreement had contemplated a sentence of 1 to 3 years in prison on the probation violation, to be served consecutively to a prison term of 3½ to 7 years on the aggravated criminal contempt conviction.

Footnote 2: To the extent that defendant attempts to raise arguments with respect to the 2014 judgment of conviction, he did not file a notice of appeal therefrom and any attempt to do so in the notice of appeal with respect to the violation of probation is untimely (see CPL 460.10 [1] [a]; People v Johnston, 140 AD3d 1528, 1529 [2016], lv denied 28 NY3d 1028 [2016]).