■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT E. KELLEY, JR., Appellant.— Same decision as in *People* v. *Cheeks* (16 A D 2d 742). (Appeal from judgment of Erie County Court convicting defendant of assault, second degree and assault, third degree.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN J. WRIGHT, JR., Appellant.— Judgment of resentence unanimously reversed and matter remitted to Cattaraugus County Court for further proceedings in accordance with the memorandum. Memorandum: The application by the defendant to withdraw his plea of guilty should not have been passed upon by the County Judge but should have been referred by him to another Judge (*People* v. *Burgett*, 15 A D 2d 873). While the County Judge was not the District Attorney of the county at the time of the defendant's original conviction in 1934 he was the District Attorney at the time of an application in the nature of *coram nobis* in 1953. The order denying the application was affirmed by this court in 1954 (*People* v. *Wright*, 284 App. Div. 1030). It is argued, in effect, by the present District Attorney that the County Judge took into account the facts with which he had become familiar in the course of the *coram nobis* proceeding in passing upon the present application for leave to withdraw the plea of guilty. While the County Judge's connection with the defendant's case in his capacity as District Attorney may not come within the letter of section 14 of the Judiciary Law, it comes within its spirit and the County Judge should have disqualified himself upon the present application (cf. *People* v. *Morgan*, 277 App. Div. 956). The defendant and his attorney both indicated that they waived any objection to the County Judge's sitting in the proceeding but a disqualification of the kind here involved may not be waived. (Appeal from judgment of resentence of Cattaraugus County Court which sentenced defendant to Elmira Reformatory until discharged by law, *nunc pro tunc* as of October 22, 1934.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.