Bernard Tomson, J.
The District Attorney here challenges the power of the County Court to transfer to this court this criminal proceeding which charges the defendant with a violation of subdivision 4 of section 887 of the Code of Criminal Procedure.
Reference to the New York State Constitution (art. VT, § 19, subd. b) would indicate that the District Attorney’s position *553 is not well taken. As far as it is applicable, the section reads: “ The county court may transfer any action or proceeding, except a criminal action or proceeding involving a felony prosecuted by indictment or an action or proceeding required by this article to be dealt with in the surrogate’s court or family court, to any court, other than the supreme court, having jurisdiction of the subject matter within the county provided that such other court has jurisdiction over the classes of persons named as parties.”
The Constitution was amended so as to incorporate the quoted language, following the Fourth Annual Report of the New York Judicial Conference (1959, p. 86 et seq.), entitled ‘ ‘ Recommendations of the Judicial Conference for the Reorganization of the New York State Judicial System.”
At page 99, the report reads:
‘ ‘ Transferability of Cases From One Court to Another
“ Recommendation
“ The Conference recommends the adoption of a broad constitutional provision to permit the transfer of cases from the Supreme and County Courts to courts of lesser jurisdiction provided, however, that the verdict-of judgment in such cases will not be limited by a lower monetary jurisdiction in the court to which the case is transferred.”
Continent “ This recommendation contemplates that the court to which the case is transferred will have complete authority to dispose of the litigation regardless of the monetary limitations of its own jurisdiction. It also contemplates the transfer of cases downward to courts having jurisdiction of the subject matter and over the classes of persons named as parties and will prohibit the re-transfer of such transferred cases either back to the court of origin or to any other court. Experience has indicated that power of this kind is necessary in order to equalize caseloads. Many cases are instituted in a higher court which should have been brought in a court of lower jurisdiction. It is to weed out these cases and to provide a reasonably prompt disposition of the claims that such a power is necessary. A corollary feature is that strict enforcement of this provision would result in suits being instituted in the proper courts in the first instance.”
The salutary purpose of the constitutional provision would be obviously promoted, if as here, the County Court determined that the transfer would “equalize caseloads” and “provide a reasonably prompt disposition
*554 It should be noted that the power given to the County Court permits the transfer of any action or proceeding, criminal or civil, over which the District Court has- jurisdiction.
The People’s application to “ return the matter to the County Court ” is specifically prohibited by article VI (§ 19, subd. i). The motion therefore made by the District Attorney must be denied since the Constitution specifically grants to the County Court the power to transfer the instant proceeding to this court and prohibits its return by this court.
A tangential issue is raised by the People by virtue of the fact that no formal order has been signed by a County Court Judge transferring the matter to this court. There seems to be no legislative provision or court rule which would determine the appropriate procedure. It. would appear that proper practice would require a formal County Court order,, to effectuate the transfer. A copy, though certified, of the Clerk’s minutes would not appear adequate (cf. CPLR 326, discussed in 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 326.01 et seq.; Code Grim. Pro., § 344; 9 Bender’s Forms for Cons. Laws, p. 273 et seq.).
Further proceedings in this court should therefore await the execution and filing of such a County Court order. The. People’s motion is denied. It follows also that the defendant’s motion to dismiss for lack of prosecution must perforce also be denied.