■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. HILL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 27, 1977, which revoked defendant's prior sentence of probation imposed following his conviction of the crime of attempted burglary in the third degree and resentenced him to an indeterminate term of imprisonment with a maximum of three years. Defendant pleaded guilty to the crime of attempted burglary in the third degree and on August 9, 1976 he was sentenced by the Albany County Court to a five-year period of probation. Supervision of his probation was thereafter transferred to Rensselaer County where, on January 5, 1977, he was convicted in a local criminal court of the misdemeanor of criminal trespass in the second degree. Following a hearing, the Albany County Court found this subsequent criminal conviction to constitute a violation of the conditions of defendant's probation, revoked its former sentence, and resentenced him to an indeterminate period of incarceration with a three-year maximum term. Defendant's jurisdictional objection, raised for the first time on this appeal, is without merit. Unlike the situation presented in *People v Barnes* (59 AD2d 827), the court served by the probation department to which supervision had been transferred, in this case the Rensselaer County Court, did not exercise any of the powers conferred on it by CPL 410.80 (subd 2). Instead, the sentencing court proceeded on its own to hear and determine the alleged violation which had been brought to its attention. Except where another court has properly intervened to continue or modify a prior sentence of probation (CPL 410.80, subd 2, par [b], cl [i]; *People v Barnes, supra),* we discern nothing in CPL article 410 that would divest the original sentencing court of jurisdiction to act in such a fashion, particularly since it affirmatively appears that only such a court may revoke its own sentence (CPL 410.80, subd 3). The powers granted to another court in the case of transferred supervision are plainly cast in terms of limited concurrent jurisdiction to facilitate the disposition of alleged violations and it seems equally plain that those provisions were not designed or intended to oust the sentencing court of authority to entertain such matters. Defendant's remaining argument, addressed to the sentence ultimately imposed, is similarly unpersuasive and the judgment should be affirmed. Judgment affirmed. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.