OPINION OF THE COURT
Angelo D. Lomanto, J.
This matter arises from a violation of probation petition filed by Arthur P. Wyman, probation officer, and dated August 29, 1986. The probationary sentence alleged to have been violated was rendered by the Honorable Steven J. Simon, Town Justice of the Town of Guilderland, on June 12, 1986. The petition alleged that probation supervision was transferred to the Hamilton County Probation Department on July 17, 1986. This matter comes before me by an order of transfer *32 of the Honorable William H. Intemann dated September 10, 1986.
Now before the court is a motion on behalf of the People to transfer the case back to the Town of Guilderland; the defendant opposes this motion. While the motion was made orally, the People have submitted a written memorandum of law, dated November 5, 1986, wherein it is argued, in essence, that the New York State Constitution does not confer jurisdiction on the County Court of Hamilton County to hear this matter.
CPL 410.80, as amended by Laws of 1986 (ch 24, §§ 1, 2) governs intercounty transfer of probation supervision. This section states in relevant part: "Unless the sentencing court indicates otherwise at the time of transfer, the court served by the probation department to which supervision is transferred shall assume the powers and duties of the sentencing court and shall have sole jurisdiction in the case * * * Where jurisdiction has been transferred, the sentencing court shall immediately forward its entire case record to the receiving court.” (Emphasis supplied; see, People v Barnes, 59 AD2d 170 [3d Dept 1977]; People v Hill, 60 AD2d 935 [3d Dept 1978].)
That the supervision of this case has been transferred to the Probation Department serving this court is clearly stated by the petition referred to above. The District Attorney concedes that the sentencing court failed to indicate a retention of jurisdiction but instead relies upon its failure to forward the case record to this court. This failure is ministerial, as it is the evident intention of the statute that jurisdiction be transferred in all cases "[u]nless the sentencing court indicates otherwise”. Thus, I find that this case was transferred properly to the supervision of the Hamilton County Probation Department and to the court or courts which it serves.
The remaining issue is whether or not the County Court as a court of limited jurisdiction may hear the violation of probation petition or whether that petition is more properly directed to the Town or Justice Court where the defendant resides. Initially it should be noted that this court has constitutional authority to transfer cases to itself or the Town and Village Courts within its jurisdiction, while these lower courts do not have the authority to transfer cases in the reverse direction to this court. (NY Const, art VI, § 19 [b], [c], [i]; People v Sanabria, 42 Misc 2d 552 [1964].) This constitutional provision permits the transfer set forth in CPL 410.80.
Thus, this court has constitutional jurisdiction over the *33 instant case. However, the court finds that in the acknowledged absence of the proper prosecutional instrument, either a prosecutor’s information or an indictment, this matter may not be prosecuted in this court. (See, People v Hopkins, 208 App Div 438, 444 [3d Dept 1924].)
Accordingly, this court exercises its administrative authority to transfer the case to the Town Court of the Town of Wells for disposition consistent with this decision.