OPINION OF THE COURT
Howard M. Aison, J.
Defendant moves for dismissal of a violation of probation *451 petition filed against him upon two grounds, first, that County Court does not have jurisdiction over local criminal court probation transfers into this county and second, if County Court has jurisdiction, the court should recuse itself, as previously the court was Montgomery County District Attorney (1979-1985), the office prosecuted the defendant in connection with two unrelated matters and the court was also District Attorney when the transfer in occurred.
In July of 1984, in Schenectady County, the defendant was charged with a felony assault and in May of 1985 he appeared in the Village of Scotia Justice Court and pleaded guilty to a misdemeanor assault. In June of 1985 he was sentenced to three years’ probation and by order signed July 18, 1985, the defendant’s probation was transferred to the Montgomery County Probation Department without the sentencing court retaining its powers and duties with respect to supervision (CPL 410.80 [2]). Thereafter, there was no court involvement until August of 1987 when a misconduct report and violation of probation petition were filed in Montgomery County Court.
The Criminal Procedure Law authorizes a sentencing court to transfer the probation of a sentenced defendant to a Probation Department in the county where the defendant resides (CPL 410.80 [1]). Thus, we are not involved with an unconstitutional transfer from a local court to a higher court (NY Const, art VI, § 19 [i]) as the transfer is not from court to court but from court to Probation Department.
A County Court has jurisdiction over actions and proceedings, not within the exclusive jurisdiction of the Supreme Court, as may be provided by law (NY Const, art VI, § 11). Once an intercounty probation transfer has been legally accomplished, the Criminal Procedure Law authorizes that the court served by the Probation Department to which supervision is transferred shall assume the powers and duties of the sentencing court and shall have sole jurisdiction of the case (CPL 410.80 [2]). It is not contested that Montgomery County Court is one of a number of courts in this county served by the Montgomery County Probation Department. Defendant argues that although County Court is so served, the only methods of prosecuting an offense in superior court are either indictment or superior court information (CPL 210.05) and that this defendant is being prosecuted by information (CPL 100.10 [1]).
*452 This court holds that CPL 210.05 is applicable when a defendant is being prosecuted for an offense in superior court until a plea is entered (see, Bellacosa, Practice Commentaries, McKinney’s Cons Law of NY, Book 11A, CPL 210.05, at 7). The defendant, before this court on a probation violation, allegedly committed subsequent to plea, is not being prosecuted contrary to this section.*
It is the policy of the Montgomery County Probation Department to file all transfers in with this court, notwithstanding the transfers coming from a local criminal court or superior court and the court will assume the powers and duties of the sentencing court with respect to this transfer in. County Court, with a full-time Judge, support personnel and other resources, is better equipped to handle transfers in than part-time town, city or village Judges who, no doubt, are willing and able, but would prefer not to assume this additional responsibility.
With respect to recusal, a Judge is not disqualified, ipso facto, from presiding over the case of a defendant who, on prior occasions, when the Judge was District Attorney, was prosecuted by the Office of District Attorney. Whether a Judge should recuse himself or herself " 'is generally a matter of personal conscience’ ”. (People v Harris, 117 AD2d 881, 882.) The court need not recuse itself, in this case, as the court did not directly participate in any of the defendant’s prior prosecutions in Montgomery County (People v Peterson, 126 AD2d 680) nor, in searching the court’s memory, was the court ever aware of the existence of the defendant or that the defendant was previously prosecuted when the court was District Attorney.
The fact that defendant’s probation was transferred to Montgomery County Probation while the court was District Attorney did provide the potential for prosecutorial involvement and if this threshold was crossed, recusal is mandatory (Judiciary Law § 14; People v Berry, 23 AD2d 955 [hearing the defendant’s request for postjudgment relief]; People v Wright, 16 AD2d 743 [ruling on the defendant’s request to withdraw his plea]; People v Burgett, 15 AD2d 873 [ruling on the defendant’s claim of res judicata]; People v Frey, 277 App Div 1156 [revoking the defendant’s sentence]). In this case, there *453 was no call for prosecution or prosecutorial involvement until the current violation of probation petition was filed.
Defendant’s motions for dismissal and recusal are denied.
The court schedules a CPL 410.70 hearing for Wednesday, December 9, 1987, at 9:30 a.m. at the County Court House in Fonda, New York.

 For an opposite view, see People v Buyce (134 Misc 2d 31).