IN RE DISQUALIFICATION OF LANE.

NEGRI v. NEGRI.

[Cite as *In re Disqualification of Lane* (1995), 74 Ohio St.3d 1274.]

(No. 95–AP–067—Decided May 31, 1995.)

MOYER, C.J. This affidavit of disqualification was filed by Robin A. Bozian, counsel for plaintiff, Colleen M. Negri, seeking the disqualification of Judge N. Edward Lane, Jr. from further proceedings in the above-captioned case.

Affiant claims that Judge Lane should be disqualified from this action based upon an "expressed fear" of her client and because this fear indicates a bias toward her client that impairs his ability to fairly preside over this case. Among the incidents cited in support of affiant's claim are the fact that affiant's client appeared at Judge Lane's home in February of this year and did not leave until the police were called and that Judge Lane allegedly objected to her client's presence at the courthouse while performing community service. Judge Lane says that he has responded appropriately to what he considers a security concern, although he claims that he did not object to the client's presence at the courthouse, and denies that this concern has prejudiced him in the consideration of this case.

Our adversarial system produces dissatisfaction with the decisions of judges who are elected to fairly and impartially administer justice. This dissatisfaction sometimes manifests itself in threats and other retaliatory actions directed at

judges and other persons involved in the judicial process. Whether real or perceived, these threats and actions are not, without more, evidence of bias or prejudice that mandates disqualification of a judge. To hold otherwise would afford a party an ample opportunity to disrupt the orderly administration of justice.

Based on my review of the record, I cannot conclude that Judge Lane harbors a bias or prejudice against affiant's client that mandates his disqualification from this case. Therefore, the affidavit of disqualification is found not well taken and is denied.