**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1208.]**

IN RE DISQUALIFICATION OF GREER.

BEERY ET AL. *v.* HIGHLAND COUNTY BOARD OF COMMISSIONERS.

**[Cite as *In re Disqualification of Greer*, 1997-Ohio-17.]**

*Judges—Affidavit of disqualification—Prior professional activities and relationships not grounds for disqualification of judge, when.*

(No. 97-AP-047—Decided April 4, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Highland County

Court of Common Pleas case No. 97-C-5.

_____

MOYER, C.J.

{¶ 1} Affiant is counsel for the plaintiffs in an action pending before Judge Kevin L. Greer of the Highland County Court of Common Pleas. The underlying matter involves appeals to the common pleas court by several property owners of assessments made by the Highland County Board of County Commissioners.

{¶ 2} Affiant asserts that Judge Greer should be disqualified from the underlying action because the judge, prior to taking office, served as an assistant prosecuting attorney and as a law partner with the county prosecutor. Because of this prior professional relationship, affiant asserts that his clients will not receive a fair hearing before Judge Greer.

{¶ 3} In *In re Disqualification of Cross* (1991), 74 Ohio St.3d 1228, 657 N.E.2d 1338, I held that "[t]he prior professional activities of a judge are not grounds for disqualification where the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair trial. See *In re Disqualification of Gaughan* (Oct. 5, 1987), No. 87-AP-057, unreported." In *Cross*, the judge had served as an assistant prosecuting attorney and practiced law with the assistant prosecutor assigned to the underlying

case. Similarly, in *In re Disqualification of Weaver* (Sept. 8, 1987), No. 87-AP-103, unreported, I concluded that the mere fact that a judge and an attorney were law partners for eleven years was not grounds for disqualification because the partnership ended when the judge took office, and her former partner did not undertake representation of the client in the underlying case until after the judge had left the partnership.

{¶ 4} Here, there is no indication that Judge Greer participated in any matter that is the subject of the underlying case or provided any representation to the board of county commissioners, such that his disqualification would be mandated under Canon 3(C) of the Code of Judicial Conduct. Moreover, the record does not demonstrate the existence of a relationship or interest that clearly and adversely impacts on the ability of affiant's clients to obtain a fair trial or that raises a reasonable question as to Judge Greer's impartiality.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Greer.

————————————