[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1212.]

IN RE DISQUALIFICATION OF KNECE.

THE STATE OF OHIO *v*. STARKEY.

[Cite as *In re Disqualification of Knece*, 1997-Ohio-15.]

*Judges—Affidavit of disqualification—Disqualification not required when judge was previously the elected prosecuting attorney at the time defendant was indicted, convicted, and sentenced—No violation of Canon 4(E)(1)(b).*

(No. 97-AP-057—Decided May 2, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Pickaway County

Court of Common Pleas case No. 94-CR-249.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification is filed by James R. Kingsley, counsel for defendant Charlie Starkey, seeking the disqualification of Judge P. Randall Knece from presiding over a probation violation proceeding regarding defendant.

{¶ 2} Affiant contends that Judge Knece should be disqualified from the underlying matter because he was the elected prosecuting attorney at the time the defendant was indicted, convicted, and sentenced and because his former deputy is representing the state in this proceeding. Because of this relationship and the fact that the Pickaway County Prosecuting Attorney's Office is a small office, affiant asserts that Judge Knece's continued participation in this action creates an appearance of impropriety that mandates the judge's disqualification from this matter.

{¶ 3} Canon 4(E)(1)(b) of the Code of Judicial Conduct, formerly Canon 3(C)(1)(b), amended effective May 1, 1997, states, in part: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might

reasonably be questioned, including but not limited to instances where * * * [t]he judge served as a lawyer in the matter in controversy [or] a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter * * *." The commentary to the Code amplifies this provision as it applies to government lawyers, including prosecutors, by stating: "A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency * * *; a judge formerly employed by a government agency, however, should disqualify himself or herself in a proceeding if the judge's impartiality might reasonably be questioned because of such association."

{¶ 4} Affiant is correct in asserting that Judge Knece was associated with the state's attorney in this case by virtue of the fact that the judge was the elected prosecuting attorney in a small office at the time that the defendant was prosecuted by one of his deputies. However, while affiant speculates that Judge Knece must have had some exposure to the underlying case as a result of this association, Judge Knece specifically denies any participation in the defendant's prosecution and states that he does not recall discussing this case with his former assistants. Accordingly, I cannot conclude that his disqualification is mandated by Canon 4(E)(1)(b) of the Code of Judicial Conduct, and the record does not demonstrate the existence of an interest on the part of Judge Knece in the underlying case that clearly and adversely impacts on the ability of the defendant to have a fair hearing before the judge.

{¶ 5} For these reasons, the affidavit of disqualification is found to be not well taken and is denied. The matter shall proceed before Judge Knece.

————————————

2