In re Disqualification of Rastatter.

The State of Ohio *v.* Davis.

[Cite as *In re Disqualification of Rastatter,* 117 Ohio St.3d 1231, 2005-Ohio-7147.]

(No. 05–AP–021—Decided March 9, 2005.)

Moyer, C.J.

{¶ 1} Attorneys Matthew Ryan Arntz and George A. Katchmer—counsel for the defendant—have filed affidavits with the clerk of this court under R.C. 2701.03, seeking the disqualification of Judge Douglas M. Rastatter from acting on any further proceedings in case No. 98–CR–0681 in the Court of Common Pleas of Clark County.

{¶ 2} The attorneys ask that Judge Rastatter be disqualified because until he assumed his present judicial position in February 2005, he served as an assistant prosecuting attorney in the office that represents the plaintiff, the state of Ohio, in this case. That past professional connection between the judge and one party to the case will prevent the defendant from receiving a fair trial, according to the defendant's attorneys. They allege as well that the judge has shown bias by ruling against the defendant on pretrial motions.

{¶ 3} I find no basis for ordering the disqualification of Judge Rastatter. A judge generally need not disqualify himself from presiding over a criminal matter that, although pending at the time he served as a prosecuting attorney, was one in which he had no direct involvement. Flamm, Judicial Disqualification (1996) 328, Section 11.5.2., citing *Gamez v. State* (Tex.Crim.App.1987), 737 S.W.2d 315, 319 (the prohibition against a judge's hearing a case in which he has acted as counsel requires that he actually have participated in the very case before him); *People v. Mitchell* (1987), 137 Misc.2d 450, 452, 521 N.Y.S.2d 639 (a judge is not disqualified from presiding over a defendant's criminal case when that defendant was prosecuted in another matter by the office of the district attorney when the judge was district attorney).

{¶ 4} In cases such as this, the issue is whether the judge, while in government employment, himself served as counsel in the case. "[A] judge is not subject to mandatory disqualification arising from prior government service based on the mere fact that another lawyer in his office served as a lawyer concerning the matter." *Kendrick v. Carlson* (C.A.8, 1993), 995 F.2d 1440, 1444.

{¶ 5} The affidavit does not allege that Judge Rastatter himself participated in the prosecution of this defendant. In similar cases involving former prosecutors who have moved to the bench, I have declined to order the judge's disqualification. See, e.g., *In re Disqualification of Greer* (1997), 81 Ohio St.3d 1208, 688 N.E.2d 513; *In re Disqualification of Knece* (1997), 81 Ohio St.3d 1212, 688 N.E.2d 515. Absent some indication in the record that the judge's former relationship with the prosecuting attorney's office will clearly and adversely affect the defendant's ability to obtain a fair trial, disqualification is not warranted.

{¶ 6} The same is true of the affiants' allegations about the judge's pretrial rulings. A party's disagreement or dissatisfaction with a court's rulings of law, without more, does not constitute bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. An affidavit of disqualifica-

tion "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4.

{¶ 7} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavits of disqualification are denied. The case shall proceed before Judge Rastatter.