IN RE DISQUALIFICATION OF GALL.

THE STATE OF OHIO *v.* MOORE.

[Cite as *In re Disqualification of Gall,* 135 Ohio St.3d 1283, 2013-Ohio-1319.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's former status as assistant prosecuting attorney does not per se require disqualification—No objective reason to question impartiality—Affidavit denied.*

(No. 13-AP-004—Decided February 26, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas Case No. CR-00-392440-A.

_____

**O'CONNOR, C.J.**

{¶ 1} Jonathan N. Garver, counsel for defendant John Moore Jr. in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven E. Gall from presiding over any further proceedings in case No. CR-00-392440-A, now pending for a resentencing hearing in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Garver alleges that Judge Gall should be disqualified to avoid an appearance of impropriety. As background, Judge Timothy J. McGinty presided over Moore's case from 2000 until the judge's resignation in 2011. Effective October 1, 2012, McGinty was appointed Cuyahoga County Prosecuting Attorney, and he thereafter sought appointment of outside counsel to prosecute Moore's case, pursuant to Prof.Cond.R. 1.12. At the time of McGinty's appointment, Judge Gall was employed as an assistant county prosecutor in Cuyahoga County. Judge Gall subsequently won election to McGinty's former judicial seat at the November 6, 2012 general election and inherited McGinty's docket, including Moore's case. In Garver's affidavit of disqualification, he

claims that as a consequence of having served as an assistant county prosecutor under McGinty, Judge Gall was one of the prosecutors disqualified from prosecuting Moore's case. Garver asks: "What could create more of an appearance of impropriety than to allow a person who was disqualified from acting as a prosecutor to preside over the entire case?"

{¶ 3} Judge Gall has responded in writing to the allegations raised in Garver's affidavit and states that there is nothing about his relationship to any of the parties that will affect his ability to rule fairly and impartially. Judge Gall further explains that during his employment with the prosecutor's office, he "had no knowledge of the *Moore* case and did not perform any work on the case."

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Gall.

{¶ 5} First, it is well established that a "judge generally need not disqualify himself from presiding over a criminal matter that, although pending at the time he served as a prosecuting attorney, was one in which he had no direct involvement." *In re Disqualification of Rastatter*, 117 Ohio St.3d 1231, 2005-Ohio-7147, 884 N.E.2d 1085, ¶ 3, citing Flamm, *Judicial Disqualification*, Section 11.5.2, 328 (1996); *see also In re Disqualification of Cross*, 74 Ohio St.3d 1228, 657 N.E.2d 1338 (1991) ("The prior professional activities of a judge are not grounds for disqualification where the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair and impartial trial"). Instead, the issue is whether "the judge, while in government employment, himself served as counsel in the case." *Rastatter* at ¶ 4. Judge Gall affirmatively states that he did not perform any work on Moore's case while he was employed as an assistant county prosecutor. Accordingly, Judge Gall will not be disqualified merely because Moore's case was pending while Judge Gall served as an assistant county prosecutor.

**{¶ 6}** Second, the fact that McGinty requested outside counsel to prosecute the state's case against Moore—while Judge Gall was employed as an assistant county prosecutor—does not create an appearance of impropriety warranting Judge Gall's disqualification. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. The reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context. *See In re Disqualification of Carr*, 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294, ¶ 17 (concluding that a "reasonable person who knows all the facts would not find any appearance of impropriety"); Flamm, *Judicial Disqualification*, Section 5.8, 133-134 (2d Ed.2007) ("disqualification must ordinarily be viewed from the standpoint of not merely a reasonable observer, but a thoughtful and well-informed one; and in light of the full record, not simply in light of an isolated incident" [footnotes omitted]).

**{¶ 7}** Here, the full record indicates that during his entire employment with the prosecutor's office, Judge Gall had no knowledge of Moore's case and did not perform any work on the matter. Further, Judge Gall served as an assistant county prosecutor under McGinty for about two months—although for half of that time period, Judge Gall was on a leave of absence due to his campaign for judicial office, and he was on vacation for another week. Judge Gall claims that during that two-month period, he had "little, if any, direct contact with Mr. McGinty." Thus, to the extent that Judge Gall was "disqualified" from prosecuting Moore's case—as Garver alleges—it was only because he happened to be employed as an assistant county prosecutor under McGinty, and McGinty's conflict was imputed to all his assistant prosecutors. That conflict, however, was

not personal to Judge Gall. Finally, Judge Gall has affirmed that he has no bias or prejudice against Moore and will rule fairly and impartially.

{¶ 8} On this record, the well-informed, objective observer would not question Judge Gall's impartiality, and Garver has not established the existence of any relationship or interest that clearly and adversely affects Moore's ability to obtain a fair and impartial hearing. *See In re Disqualification of Greer*, 81 Ohio St.3d 1208, 1209, 688 N.E.2d 513 (1997) (judge who had formerly served as an assistant county prosecutor was not disqualified where "the record does not demonstrate the existence of a relationship or interest that clearly and adversely impacts on the ability of affiant's clients to obtain a fair trial or that raises a reasonable question as to [the judge's] impartiality").

{¶ 9} In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Gall.

_____