IN RE DISQUALIFICATION OF BERKOWITZ.

THE STATE OF OHIO v. MILES.

O'Connor, C.J.

{¶ 1} Defendant, Jeremy L. Miles, has filed an affidavit with the clerk of this court under R.C. 2701.031 seeking to disqualify Judge Joshua Berkowitz from presiding over any further proceedings in the above-captioned case, now pending for trial.

{¶ 2} Miles claims that Judge Berkowitz should be removed from the underlying case for a variety of reasons. Judge Berkowitz has responded in writing to the affidavit, denying any bias or prejudice against Miles and affirming that he will preside over the remainder of the case with fairness and impartiality.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Berkowitz.

{¶ 4} Miles first claims that Judge Berkowitz ruled against him in a previous case. The fact that Miles did not prevail in an earlier case, however, does not demonstrate that Judge Berkowitz was then or is now biased against him. "State and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 4.

{¶ 5} Miles next alleges that Judge Berkowitz tried to intimidate him at a February 2016 hearing, that the judge has repeatedly attempted to give legal advice in the case, and that the judge "made light" of Miles's claim regarding his treatment by a local police department. Judge Berkowitz states, however, that he has not presided over any hearing in the underlying case and that all hearings have been handled by the court's magistrate. "R.C. 2701.03 does not permit the chief justice to consider claims of bias or prejudice against magistrates." *In re Disqualification of Celebrezze*, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 8. Accordingly, Miles's allegation here is not well taken.

{¶ 6} Miles also asserts that Judge Berkowitz previously worked for the Hamilton County prosecuting attorney's office, which brought the current charges against Miles. For his part, Judge Berkowitz acknowledges that he served as an assistant prosecuting attorney before taking the bench, but he disagrees that his previous employment creates any conflict of interest in this case. In these circumstances, "the issue is whether the judge, while in government employment, himself served as counsel in the case." *In re Disqualification*

*of Rastatter,* 117 Ohio St.3d 1231, 2005-Ohio-7147, 884 N.E.2d 1085, ¶ 4. Miles's affidavit does not allege that Judge Berkowitz himself participated in the prosecution of the underlying matter. And absent some indication in the record that the judge's former relationship with the prosecuting attorney's office will clearly and adversely affect Miles's ability to obtain a fair trial, disqualification is not warranted. *See id.* at ¶ 5; *In re Disqualification of Gall,* 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 5.

{¶ 7} Finally, Miles alleges that Judge Berkowitz "directly benefits monetarily from cases he tries." In response, Judge Berkowitz explains that his judicial salary does not depend on the number of cases he tries or on their outcomes. Miles's vague and unsubstantiated allegation that Judge Berkowitz somehow has a monetary interest in the underlying case is insufficient on its face for a finding of bias or prejudice. *See In re Disqualification of Walker,* 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Berkowitz.