O'Connor, C.J.
*1244 {¶ 1} Lonny Bristow has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge James DeWeese from presiding over any further proceedings in the above-referenced case in the Richland County Court of Common Pleas.
{¶ 2} Mr. Bristow claims that Judge DeWeese should be removed for several reasons, including that in 1997, Mr. Bristow was convicted of a crime against Judge DeWeese. Because of that conviction, Mr. Bristow believes that an appearance of impropriety will exist if Judge DeWeese presides over the underlying case.
{¶ 3} Judge DeWeese has responded with his own affidavit. The judge acknowledges that court records show that in 1997, Mr. Bristow wrote threatening letters to the county sheriff, sheriff's deputies, prosecuting attorneys, and both general-division common pleas judges and that he also filed groundless legal actions against some of those individuals. He later pled guilty to retaliation against public officials. Judge DeWeese avers, however, that he remembers "little" about the 1997 retaliation case and that he does not recall Mr. Bristow's threats or communications to him. The judge concludes, "Nothing about the case [Mr. Bristow] brings up from 20 years ago creates any resentment or hostility from me towards him," and the judge affirms that he will decide the underlying case based solely on its legal merits.
{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. "The reasonable observer is presumed to be fully informed of all the relevant facts in the *1245 record-not isolated facts divorced from their larger context." In re Disqualification of Gall , 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 6.
{¶ 5} Although an appearance of impropriety certainly could exist if a litigant appearing before a judge had previously committed a crime against that judge, Mr. Bristow has not established that an objective observer would harbor serious doubts about Judge DeWeese's impartiality in this case. Judge DeWeese was one of several public officials that Mr. Bristow retaliated against in 1997, and in the judge's sworn affidavit, he avers that he does not recall Mr. Bristow's threats or communications from 20 years ago. Nor is there any indication that those communications were of such a personal or hostile nature toward Judge DeWeese that the risk of bias would be intolerably high if he presided over the underlying case. Based on this record, the well-informed, objective observer would not question Judge DeWeese's impartiality. See also In re Disqualification of Lane , 74 Ohio St.3d 1274, 657 N.E.2d 1369 (1995)
*286 (threats against judges "are not, without more, evidence of bias or prejudice that mandates disqualification of a judge").
{¶ 6} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge DeWeese.