O'Connor, C.J.
*1205 {¶ 1} Defendant, Lonnie Rarden, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Jennifer Muench-McElfresh from presiding over any further proceedings in the above-referenced criminal matters.
{¶ 2} Mr. Rarden claims that an appearance of impropriety exists because (1) Judge Muench-McElfresh allegedly intervened in the cases and decided one of Mr. Rarden's previous postconviction motions while it was scheduled for a hearing before a different judge, (2) Judge Muench-McElfresh was serving as an assistant prosecutor at the time Mr. Rarden was prosecuted in the underlying cases, and (3) recently, Judge Muench-McElfresh purportedly denied an application for early release, although Mr. Rarden had not filed any such application.
{¶ 3} Judge Muench-McElfresh has responded in writing to the affidavit and denies any bias or prejudice against Mr. Rarden. The judge further responds that (1) the underlying cases were assigned to her docket at the time a different judge scheduled a hearing on one of Mr. Rarden's motions, (2) although she served as an assistant prosecutor prior to taking the bench, she did not prosecute or perform any work on Mr. Rarden's cases, and (3) in a recent entry, she mistakenly included language about an application for early release, but she has since corrected the error.
{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Given Judge Muench-McElfresh's thorough response to Mr. Rarden's affidavit, no objective observer would have any reason to question her impartiality in the underlying cases. Further, the Code of Judicial Conduct requires a judge who formerly *1206 served as a government attorney to disqualify himself or herself from any matter in which he or she "personally and substantially" participated as a government attorney. Jud.Cond.R. 2.11(A)(7)(b). Because Judge Muench-McElfresh states that she did not perform any work on Mr. Rarden's cases when she served as an assistant prosecutor, she is not required to recuse herself from the underlying matters. See In re Disqualification of Rastatter , 117 Ohio St.3d 1231, 2005-Ohio-7147, 884 N.E.2d 1085, ¶ 3 ("A judge generally need not disqualify himself from presiding over a criminal matter that, although pending at the time he served as a prosecuting attorney, was one in which he had no direct involvement"). *2 {¶ 5} The affidavit of disqualification is denied. The cases may proceed before Judge Muench-McElfresh.