O'Connor, C.J.
*1240 {¶ 1} John Andrew Motter, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Sean Leuthold from presiding over any further proceedings in the above-referenced matter.
{¶ 2} Mr. Motter claims that Judge Leuthold has a "perceived bias" against the defendant because the judge recused himself from a separate case in which the same defendant is charged with threatening several county officials, including the judge's brother, who is the judge of the Crawford County Municipal Court. Because that separate case remains pending, Mr. Motter believes that Judge Leuthold should be removed from the underlying matter.
{¶ 3} Judge Leuthold has responded in writing to the affidavit. He acknowledges that he recused himself from the defendant's other pending case because the judge's brother is an alleged victim and a potential witness in that matter. Judge Leuthold notes, however, that in the underlying case, the defendant is charged with assaulting officers at the county jail. According to Judge Leuthold, the two cases are unrelated and accordingly, there is no reason to disqualify him.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Leuthold.
{¶ 5} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. "The reasonable observer is presumed to be fully informed of all the relevant facts in the record-not isolated facts divorced from their larger context." In re Disqualification of Gall , 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 6.
*1241 {¶ 6} Although an appearance of bias could exist if a defendant appearing before a judge is charged in an unrelated case with threatening one of the judge's relatives, Mr. Motter has not established that an objective observer would harbor serious doubts about Judge Leuthold's impartiality in this particular case . As an initial matter, that the defendant allegedly threatened the judge's brother in his capacity as a judge and public official lessens the appearance of bias. "Regretfully, threats against judges are not uncommon, but despite these threats, judges continue to administer the law fairly and professionally." In re Disqualification of Parker , 135 Ohio St.3d 1216, 2012-Ohio-6307, 985 N.E.2d 497, ¶ 9. Judges understand that a litigant's dissatisfaction with a judge's rulings might manifest itself in threats or other retaliatory conduct, but without more, such *846 threats do not mandate a judge's automatic disqualification from all cases involving that litigant. In re Disqualification of Lane , 74 Ohio St.3d 1274, 1274-1275, 657 N.E.2d 1369 (1995).
{¶ 7} Mr. Motter has not sufficiently explained why the facts here should lead to a different result. Granted, some threats against a judge or a judge's family could be of such a personal or hostile nature that the risk of bias would be intolerably high if the judge presided over any case involving the person who made the threats. The record here, however, does not contain any information about the nature of the alleged threat against Judge Leuthold's brother. "In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit 'specific' allegations of bias." In re Disqualification of Knece , 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 11, citing R.C. 2701.03(B)(1). Based on this record, the well-informed, objective observer would have no reason to question Judge Leuthold's impartiality.
{¶ 8} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case. " '[W]e must be especially careful not to allow threats of violence to succeed in altering the normal course of litigation. To do otherwise would be destructive of the independence of the judiciary * * *.' " (Ellipsis sic.) In re Disqualification of Parker , 135 Ohio St.3d 1216, 2012-Ohio-6307, 985 N.E.2d 497, ¶ 9, quoting Clemens v. United States Dist. Court for Cent. Dist. of California , 428 F.3d 1175, 1180 (9th Cir.2005).
{¶ 9} The affidavit of disqualification is denied. The case may proceed before Judge Leuthold.