In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2568

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRENT A. SWALLERS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cr-164 — **Richard L. Young**, *Judge.*

ARGUED JUNE 1, 2018 — DECIDED JULY 30, 2018

Before RIPPLE, KANNE, and BRENNAN, *Circuit Judges.*

KANNE, *Circuit Judge.* Indiana Child Protective Services re-
moved Brent Swallers's daughter from his custody in Septem-
ber 2015. Swallers responded with a deluge of filings in the
United States District Court for the Southern District of Indi-
ana. When those filings were not resolved in his favor,
Swallers retaliated against the judges who ruled against him.
He filed "Common Law Liens" (each to the tune of
$10,000,000) with the Marion County Recorder against all of

the then-sitting district judges in the Southern District of Indiana except Judge Richard Young.

Swallers then filed a notice of his liens in an action assigned to Southern District of Indiana Judge Tanya Walton Pratt. Judge Pratt subsequently ordered the Marion County Recorder to expunge any liens that Swallers had filed against Southern District of Indiana Judges Lawrence, Barker, Magnus-Stinson, Pratt, and Young. The order also stated that the U.S. Attorney should arrange for the service of a separate expungement order on the recorder of any other Indiana County in which Swallers had filed a similar, invalid lien.

Soon after, the government charged Swallers with filing a false lien and encumbrance against a federal judge, in violation of 18 U.S.C. § 1521, and with possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The indictment for the false-lien charge alleged that Swallers "knowingly file[d] and attempt[ed] to file … a false lien and encumbrance against the real and personal property of a federal district judge, including the Honorable Jane Magnus-Stinson." (R. 26 at 1.) Swallers's criminal case was assigned to then-Chief Judge Young.

In December 2016, shortly after Judge Magnus-Stinson took over for Judge Young as Chief Judge, Swallers moved for Judge Young's recusal.[1] Swallers contended that Judge Young had a direct interest in the case because he was named in Swallers's liens (he was not) and because he was named in

---

[1] On a few prior occasions, Swallers suggested in open court that Judge Young should be recused because he was assigned prior litigation to which Swallers was a party. On appeal, Swallers does not raise that prior litigation as a reason for recusal.

Judge Pratt's expungement order. Judge Young construed this *pro se* motion as one seeking his recusal under 28 U.S.C. § 455(a). Section 455(a) requires a judge's recusal "in any proceeding in which his impartiality might reasonably be questioned." Judge Young concluded that his recusal was not required given the attendant circumstances and denied the motion.

The case proceeded, and Swallers eventually pled guilty to the false-lien charge after entering into a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). In exchange, the government agreed to dismiss the felon-in-possession charge and agreed to a sentence of time served with one year of supervised release. None of the judges named in Swallers's liens submitted a victim-impact statement before Swallers's sentencing, and Judge Young imposed the agreed-upon sentence.

Swallers now appeals and seeks to vacate his conviction on the ground that Judge Young should have recused himself.[2] For the reasons that follow, we affirm.

---

[2] The government asserts that Swallers's unconditional guilty plea raises the question of whether Swallers may bring this appeal in this circuit. *Compare United States v. Patti*, 337 F.3d 1317, 1320–21 (11th Cir. 2003) (holding that an unconditional guilty plea waives a recusal claim under § 455(a)), *with United States v. Brinkworth*, 68 F.3d 633, 637–38 (2d Cir. 1995) (concluding that an unconditional plea *does not* waive such a claim, in part because § 455(a) is "as much a protection for the citizenry as for the complaining defendant"). We need not weigh in on this question, however, because we ultimately conclude that Judge Young did not need to recuse himself.

## I. ANALYSIS

"Recusal decisions under '§ 455(a) are extremely fact driven and "must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."'" *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). As a general rule, though, if a well-informed, thoughtful observer would perceive a significant risk that the judge will resolve the case on a basis other than its merits, the judge must recuse himself. *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009); *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

In this case, two questions guide our analysis of whether Judge Young needed to recuse himself. First, was Judge Young presiding over a case in which he was a victim? And second, was Judge Young presiding over a case in which a well-informed observer would perceive a significant risk of bias from Judge Young's relationship to the victims? The answer to both is "No."

Our answer to the first question is straightforward. Though a judge should not preside over a criminal case in which he or she is the victim, *see In re Nettles*, 394 F.3d 1001, 1003 (7th Cir. 2005), Judge Young was neither a victim nor an intended victim in this case. There is no indication Swallers filed a lien against Judge Young or intended to do so. To be sure, Judge Pratt's expungement order named Judge Young as a beneficiary, but that fact carries little weight in this recusal analysis, again because Swallers never filed a lien against Judge Young.

As for the second question—whether Judge Young's relationship with the victims posed a significant risk of bias—it's

true that judges might need to recuse themselves in certain cases because of their relationship with the victim. But this is not such a case. Indeed, Judge Young's professional relationship with the victims is closer than some other professional relationships: the Southern District of Indiana is confronting a state of judicial emergency with a small number of district judges, and one victim-judge became the Chief Judge of the district while Swallers's case was pending in front of Judge Young. But this relationship is not so close that Judge Young needed to recuse himself from all matters involving his colleagues no matter the circumstances. *Cf. United States v. Murphy*, 768 F.2d 1518, 1538 (7th Cir. 1985) (requiring recusal when the judge and prosecutor were unusually close friends planning on vacationing together at the end of defendant's trial); *Clemens v. U.S. District Court*, 428 F.3d 1175, 1179–80 (9th Cir. 2005) (holding that the other judges in a district were not required to recuse themselves when three of their colleagues were threatened by the defendant based on their handling of the defendant's *pro se* cases).

Given the circumstances of Swallers's case, Judge Young's relationship with the victims did not pose a significant risk of bias. All too often, judges find themselves facing fraudulent liens filed against them by disappointed litigants. None of the judges affected by Swallers's fraudulent liens suffered any serious or long-lasting injury. The liens were a mere annoyance, and Judge Pratt expunged them easily, remedying their harm even before criminal charges were brought against Swallers.

In sum, then, Judge Young was not a victim of Swallers's liens, and there was little risk that his professional relationship with the victims would interfere with the case given that the crime had little effect on them. Thus, this is not a case in

which a well-informed observer would perceive a significant risk that Judge Young would decide this case on a basis other than its merits. *See* Judicial Conference Comm. on Codes of Conduct, Advisory Op. 103 (2009) (Reviewing patently frivolous litigation against a judicial colleague "will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate."); *see also Union Carbide Corp. v. U.S. Cutting Serv. Inc.*, 782 F.2d 710, 715 (7th Cir. 1986) (noting that we give some weight to the Committee's views in matters of judicial ethics).

## II. CONCLUSION

Recusal decisions under § 455(a) must be judged on their unique facts and circumstances. Under the unique facts and circumstances here, Judge Young's recusal was not required.

AFFIRMED.