[This opinion has been published in *Ohio Official Reports* at 177 Ohio St.3d 1235.]

IN RE DISQUALIFICATION OF LEUTHOLD.

THE STATE OF OHIO *v.* WILL.

[Cite as *In re Disqualification of Leuthold*, 2024-Ohio-6133.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant showed that judge who was the victim of a crime committed by the defendant in underlying case should be "otherwise . . . disqualified" under R.C. 2701.03(A) to avoid an appearance of impropriety—Disqualification granted.*

(No. 24-AP-095—Decided August 6, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Crawford County Court of Common Pleas, General and Domestic Relations Division, Case No. 24-CR-0126.

_____

KENNEDY, C.J.

{¶ 1} Jerry W. Thompson, counsel for Joseph Will, the defendant in the underlying criminal case, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Sean E. Leuthold of the Crawford County Court of Common Pleas, General and Domestic Relations Division, from presiding over the case. Judge Leuthold filed a response to the affidavit of disqualification.

{¶ 2} As explained below, the affidavit of disqualification is granted to avoid an appearance of impropriety. The appointment of a new assigned judge will be addressed in a separate entry.

**Trial-Court Proceedings**

{¶ 3} In 2016, Will was charged with intimidation, a third-degree felony, and disorderly conduct, a minor misdemeanor. Judge Leuthold was the alleged victim of the intimidation offense. Because Judge Leuthold was the only sitting judge of the Crawford County Court of Common Pleas, General and Domestic Relations Division, an assigned judge presided over the case. The parties entered

into a plea agreement, in which Will pleaded guilty to one count of aggravated menacing, a first-degree misdemeanor. The assigned judge sentenced Will to 90 days in jail. Because Judge Leuthold was the alleged victim of the intimidation offense, the State consulted with him before entering into the plea agreement, and the judge agreed to the terms of the plea deal.

{¶ 4} Between 2017 and 2023, Judge Leuthold presided over the following seven cases involving Will:

1. Case No. 17-CR-0347: Will was charged with and pleaded guilty to the offense of aggravated possession of drugs.

2. Case No. 20-CR-0007: Will was charged with and pleaded guilty to the offense of breaking and entering.

3. Case No. 20-CR-0199: Will was charged with and pleaded guilty to the offense of nonsupport of dependents.

4. Case No. 20-CR-0405: Will was charged with the offense of counterfeiting, but the case was dismissed.

5. Case No. 21-CR-0118: Will was charged with the offense of possession of drugs, but the case was dismissed.

6. Case No. 22-CR-0004: Will was charged with the offense of vandalism and pleaded guilty to the lesser offense of attempted vandalism.

7. Case No. 23-CR-0274: Will was charged with the offenses of burglary, disorderly conduct, aggravated menacing, and resisting arrest and pleaded guilty to the offenses of aggravated menacing and resisting arrest.

In those seven cases, Will did not request Judge Leuthold's recusal and the judge did not voluntarily recuse himself.

{¶ 5} On May 7, 2024, Will was indicted in the underlying case on three counts of intimidation, all third-degree felonies. The alleged victims are two police officers and one other person. Judge Leuthold presided over pretrial conferences on June 3, 19, and 24.

**{¶ 6}** On July 3, Thompson filed this affidavit of disqualification.

### Affidavit-of-Disqualification Proceedings

**{¶ 7}** R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

**{¶ 8}** Thompson alleges that Judge Leuthold should be disqualified to avoid the appearance of impropriety. Judge Leuthold denies that there are any grounds for disqualification.

**{¶ 9}** In support of the allegation, Thompson points to the fact that Judge Leuthold was the victim of the threat in Will's 2016 case. Disqualification is necessary, Thompson asserts, because the judge's "impartiality might reasonably be questioned."

**{¶ 10}** In response, Judge Leuthold states that because he was the victim of the threat in the 2016 case, he voluntarily recused himself from that case. However, because he is not the victim in the underlying case, he sees no reason for disqualification. The judge avers that he does not recall any of the details about Will's 2016 case, including what Will said that led to the intimidation charge, and that until Thompson raised the issue, the judge had completely forgotten he was the victim in the case. The judge further states that he consented to Will's plea agreement in the 2016 case because he considered Will to be relatively harmless.

**{¶ 11}** Noting that since 2016 he has presided over seven other cases involving Will without any allegation of impropriety, Judge Leuthold states that "[i]f there was no appearance of impropriety in those seven cases, it is ridiculous to claim that there is an appearance of impropriety in the eighth case."

**Disqualification of a Common-Pleas-Court Judge**

{¶ 12} As explained above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying an affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias or prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

{¶ 13} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

{¶ 14} Thompson alleges one basis for disqualification—Judge Leuthold should be "otherwise . . . disqualified," R.C. 2701.03(A), to avoid an appearance of impropriety.

{¶ 15} An appearance of impropriety is not among the grounds for disqualification specified in R.C. 2701.03(A). However, a judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or prejudice—apply but other grounds for disqualification exist. *See generally In re Disqualification of Schooley*, 2023-Ohio-4332, ¶ 19 (citing examples of when a judge could be "otherwise . . . disqualified" for purposes of R.C. 2701.031). Although the statute speaks in terms of *actual* bias and prejudice, it has long been recognized that "even in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6.

{¶ 16} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is . . . an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor

serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 2004-Ohio-7359, ¶ 8. "The reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Gall*, 2013-Ohio-1319, ¶ 6.

### Analysis

{¶ 17} For the reasons explained below, Judge Leuthold's disqualification is necessary to avoid the appearance of impropriety.

{¶ 18} In at least three recent cases, the chief justice has considered whether a judge should be disqualified from presiding over a defendant's case when that defendant has been charged with or convicted of a crime for threatening the judge or a close family member of the judge. *See In re Disqualification of Binette*, 2021-Ohio-1753; *In re Disqualification of Leuthold*, 2018-Ohio-5426; *In re Disqualification of DeWeese*, 2017-Ohio-9421. In determining whether a threat against a judge requires the judge's disqualification, a chief justice should consider whether the threat was made to cause recusal or otherwise disrupt the orderly administration of justice, *see Binette* at ¶ 4, whether the threat was of a particularly personal or hostile nature, *id.* at ¶ 5, whether the threat was credible or realistic, *id.* at ¶ 6, and whether the judge's response to the threat indicated that the judge was influenced by it, *id.*

{¶ 19} These considerations are consistent with how courts in other jurisdictions have approached cases in which the defendant had made threats against the judge presiding over the case. *See, e.g.*, *United States v. Walsh*, 47 F.4th 491, 500 (7th Cir. 2022) ("several factors surrounding the threat are relevant in determining whether recusal is required, including: (1) the defendant's demeanor in making the threat and the context in which it was made; (2) the perceived purpose of the threat; (3) the defendant's capacity to carry out the threat; and (4) the court's response to the threat"); *see also United States v. Cordova*, 806 F.3d 1085, 1093 (D.C.Cir. 2015); *United States v. Yousef*, 327 F.3d 56, 170 (2d Cir. 2003); *Battle v.*

*State*, 298 Ga. 661, 668 (2016). "If . . . a judge was assigned to hear a criminal case involving a defendant who had previously threatened the judge, the judge might well be required to recuse himself." *In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008).

{¶ 20} Applying the factors suggested by *Binette* and other courts shows that the criminal threat inherent in Will's 2016 case requires Judge Leuthold's disqualification here. "[G]reat weight" is given to "whether a defendant's threats were 'taken with recusal, or some other tactic that might delay or derail a case against him, in mind.'" *Walsh* at 500, quoting *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005). The purpose of the threat "is, perhaps, the most important" factor. *United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008). Here, Will's threat against Judge Leuthold could not have been made to cause the judge to recuse himself from or delay the underlying case, because the threat that led to the 2016 intimidation charge occurred years before the charges in the underlying case were filed. Further, Will's threat against Judge Leuthold was both personal and hostile as well as credible and realistic, as he was ultimately convicted of aggravated menacing. And although Thompson does not point to any improper response to the threat by Judge Leuthold, the other factors weigh in favor of disqualification.

{¶ 21} Moreover, this case does not involve a mere threat. Will has been convicted of a crime, and Judge Leuthold was the victim of that crime.

{¶ 22} As the United States Court of Appeals for the Ninth Circuit has explained, courts have required recusal when the judge was an intended victim of the crime alleged in the underlying case. *Clemens v. United States Dist. Court for the Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005); *see also United States v. Swallers*, 897 F.3d 875, 877 (7th Cir. 2018) ("a judge should not preside over a criminal case in which he or she is the victim"). And the leading treatise on judicial disqualification states that "[a] judge should not preside over a criminal

case in which she was the victim of the crime that has been alleged." Flamm, *Judicial Disqualification*, § 35.5, at 268 (2007, Supp. 2023).

{¶ 23} This rule is supported by precedent. For example, in *Nettles*, the Seventh Circuit disqualified all judges of a federal district court and the appellate circuit from hearing a case involving a defendant who had conspired to bomb the federal courthouse in which they sat. *Nettles* at 1003. And in *In re Bowers*, the Supreme Court of Louisiana determined that it was sanctionable when a judge, "the victim of . . . possibly criminal conduct, took matters into his own hands by issuing an arrest warrant for [a party's husband] and having his name entered into the [National Crime Information Center] computer." 721 So.2d 875, 877-878, 882 (La. 1998).

{¶ 24} Just as a judge could be disqualified from a case when the judge is the victim of the crime alleged in the case, there may also be an appearance of impropriety when a judge presides over a case when he or she was a victim of the defendant in an earlier case. The former chief justice recognized that "an appearance of impropriety certainly could exist if a litigant appearing before a judge had previously committed a crime against that judge." (Emphasis deleted.) *DeWeese*, 2017-Ohio-9421, at ¶ 5. And based on a review of the record in this case, an appearance of impropriety would be created if Judge Leuthold presided over the underlying case because the judge was previously the victim of a crime committed by Will.

{¶ 25} Therefore, this allegation has merit, and Judge Leuthold is disqualified from presiding over the underlying case to avoid an appearance of impropriety.

## Conclusion

{¶ 26} The affidavit of disqualification seeking to disqualify Judge Leuthold is granted. The appointment of a new assigned judge will be addressed in a separate entry.

_____